UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| United States of America *ex rel.* Jeffrey J. Bierman, <br><br> Plaintiff, <br><br> v. <br><br> Orthofix International N.V., Orthofix, Inc., Orthologic Corp., DJO Incorporated, Reable Therapeutics, Inc., The Blackstone Group, L.P., Biomet Inc., EBI, L.P., EBI Holdings, Inc., EBI Medical Systems, Inc., Bioelectron, Inc., LBV Acquisition, Inc., and Smith & Nephew, Inc., <br><br> Defendants. | Case No. 05-10557 (RCL) |

**MEMORANDUM IN SUPPORT OF DEFENDANT ORTHOLOGIC CORP.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OF RELATOR JEFFREY J. BIERMAN**

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant OrthoLogic Corp. ("OrthoLogic") hereby submits this Memorandum of Law in support of its Motion to Dismiss Relator Jeffrey J. Bierman's Second Amended Complaint ("SAC") in its entirety. This Motion is supported by the following Memorandum of Points and Authorities. OrthoLogic also incorporates by reference all arguments set forth in the Joint Memorandum filed by Defendants on this date.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. <u>**INTRODUCTION**</u>

Relator Jeffrey J. Bierman has included OrthoLogic Corp., a company that fully divested its bone growth stimulator business back in 2003, as a defendant in his sweeping SAC. Bierman, however, is patently unable to craft a single claim for relief as it specifically relates to OrthoLogic. Most glaringly, Bierman does not describe any specific acts of OrthoLogic to support the fraudulent scheme or activities of which OrthoLogic was allegedly a participant, or provide a factual basis to conclude that OrthoLogic's claims to the government were false. Because Bierman cannot satisfy the requirements of Fed. R. Civ. P. 9(b) in pleading his claims against OrthoLogic, the SAC must be dismissed.[1]

II. <u>**THE SAC MUST BE DISMISSED FOR FAILURE TO STATE CLAIMS WITH THE NECESSARY PARTICULARITY**</u>

Bierman purports to bring claims against OrthoLogic under 31 U.S.C. § 3729(a)(1) and (a)(2) of the Federal False Claims Act as well as claims under various state false claims statutes. To survive a motion to dismiss these claims, Bierman must articulate the "time, place and content" of the alleged fraudulent scheme, the connection between that scheme and the false claims, and details sufficient to identify the particular false claims. *See, e.g., United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 731 n. 8 (1st Cir. 2007) (applying Rule 9(b) standard to state false claims act claims asserted in federal court) *overruled on other grounds by Allison Engine Co. v. United States ex rel. Sanders*, 553 U.S. 662 (2008); *see also, United States ex rel. Gagne v. Worcester*, 565 F.3d 40, 44-49 (1st Cir. 2009); *United States ex rel. Karvelas v. Melrose-Wakefield Hospital*, 360 F.3d 220, 232-35 (1st Cir. 2004). As the Court of Appeals for the First

---

[1] OrthoLogic recognizes that there are additional, stand alone grounds for dismissal of the SAC as set forth in the Joint Memorandum. This separate memorandum, however, focuses on Bierman's Rule 9(b) failings as they relate to OrthoLogic.

Circuit has recognized, "it is a serious matter to accuse a person or company of committing fraud," so particularity in the allegations is a necessary prerequisite to proceeding with the litigation. *Rost*, 507 F.3d at 733. Bierman does not remotely approach this standard with respect to OrthoLogic.

### A. Bierman Does Not Allege Any Specific False Claims of Statements By OrthoLogic

A relator must provide details that identify particular false claims for payment that were actually submitted to the government. *Karvelas*, 360 F.3d at 232. Rule 9(b) does not allow Bierman to make general allegations of wrongdoing in the hope that the required details will emerge through discovery. *Id.* at 231. Rather, Bierman must provide *specific* information about the content of the false claims including, but not limited to: dates of the false claims, content of forms, the goods and/or services for which the government was billed, the length of time between fraudulent practices, and the amount of money charged to the government. *Id.* at 233.

Bierman, however, fails to provide the specifics of any particular false claim that he contends OrthoLogic either submitted or planned to submit to the government for reimbursement. In fact, of the more than 400 allegations of the SAC, only *two* refer to OrthoLogic by name. They are as follows:

> 17. Defendant Orthologic Corp. is a publicly-traded company located at 1275 West Washington St., Tempe, AZ 85281. Prior to November 2003, Orthologic Corp. manufactured, marketed, distributed and directly billed Medicare for the Spinalogic and OL1000 Bone Growth Stimulators. On November 26, 2003 Orthologic Corp. sold all of its bone growth stimulator business to dj Orthopedics Inc. On May 30, 2006, dj Orthopedics, Inc. announced that it had changed its name to DJO Incorporated. The allegations contained herein do not apply to Orthologic after November 26, 2003.

3

> 31. The electromagnetic devices now manufactured by defendants Orthofix, DJO and EBI (and previously manufactured by Orthologic) contain a computer chip that is programmed to cause the device to automatically deactivate after 9 months of regular use . . . .

Not only is OrthoLogic mentioned by name only twice in the entire pleading, both allegations are simply derivative in nature – they describe OrthoLogic in relation to another defendant, DJO Incorporated ("DJO"). Though the SAC appends voluminous charts of Medicare claims submitted by the Defendants, including some allegedly submitted by OrthoLogic (see Exhs. A & C), the SAC fails to allege what part, if any, of any specific OrthoLogic claim was false. These limited allegations do not begin to articulate specific false claims and are insufficient to state passable claims under Rule 9(b).

### B. Bierman Does Not Allege Any Fraudulent Conduct of OrthoLogic With 9(b) Specificity

Because Bierman's False Claims Act claims are based upon an allegedly fraudulent scheme, he must plead the facts of that conduct with particularity. *See, e.g., Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13 (1st Cir. 2009) (requiring "who, what when, where and how" of the alleged conduct). The SAC, other than using the term "Defendants" in a loose manner, is utterly silent as to what fraudulent conduct was allegedly undertaken by OrthoLogic. For example, while Bierman contends that he conducted research beginning in or about April 2003, and/or communicated with representatives of other defendants about reimbursement practices, he does not make a single allegation concerning OrthoLogic. (*See* SAC, ¶¶ 76-112). In fact, the entirety of the "Discovery of the Fraudulent Scheme" section of the SAC is devoid of any mention of OrthoLogic.

Nowhere in the SAC does Bierman suggest what OrthoLogic, as opposed to any of the other defendants, actually *did* to commit fraud. The particularity requirement of Rule 9(b) requires Bierman to specify which Defendant he seeks to hold accountable for each action. *See Chartman v. Barta*, 1983 U.S. Dist. LEXIS 17988 at *3-4 (D. Mass. Apr. 4, 1983) (holding that Rule 9(b) is not met where "[n]o attempt at all is made to differentiate between any of the defendants, or to specify what each defendant allegedly did that was fraudulent. The mere facts of computational error, coupled with a blanket statement that defendants knew of the error…is insufficient to meet Rule 9(b)'s standard of pleading…"); *see also United States ex. rel. Poteet v. Lenke*, 604 F. Supp. 2d 313, 324 (D. Mass. 2009) (holding FCA claims against distributor defendants must be dismissed because plaintiffs failed "to specify which distributors were involved in the scheme and how they were involved."). This deficiency is fatal to Bierman's claims against OrthoLogic.

Finally, Bierman's SAC acknowledges that OrthoLogic sold its bone growth stimulator business in November 2003. Nevertheless, Bierman's key allegations of the "fraud" [SAC ¶¶ 76-116] concern alleged facts that *post-date* OrthoLogic's sale of its bone growth stimulator business. There is simply no allegation in the Amended Complaint that serves to tie OrthoLogic specifically to the alleged "widespread" scheme. Accordingly, the Amended Complaint should be dismissed for failure to meet Rule 9(b) requirements.

### III. RELATOR'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

It is well within this Court's discretion to dismiss a complaint with prejudice where a qui tam relator has misspent repeated opportunities to perfect his pleading. *See, e.g., Karvelas*, 360 F.3d at 242 (finding dismissal with prejudice warranted where relator "stood upon his 93-page complaint" despite having opportunity "to sharpen his

pleadings"); *Gagne,* 565 F.3d at 40 (affirming the dismissal of relator's complaint with prejudice because "Plaintiffs do not get a fourth chance to try to get it right"). Bierman has had multiple chances, spanning not just months but years, to state a claim but has failed to do so, and therefore, dismissal with prejudice is appropriate.

It cannot be disputed that Bierman simply does not possess specific facts that relate to OrthoLogic, a company that ceased manufacturing bone growth stimulators in 2003. If Bierman had knowledge of such facts, it would be reasonable to assume he would have alleged them by now. *See United States ex rel. Feingold v. Palmetto*, 477 F. Supp. 2d 1187, 1197 (S.D. Fla. 2007) (dismissing case with prejudice where "there are no circumstances under which [relator] could amend his Complaint to cure the deficiencies therein"). For these reasons, dismissal with prejudice on grounds of futility is warranted.

## IV. CONCLUSION

For all the foregoing reasons, and on the basis of the arguments set forth in the Joint Memorandum filed on behalf of all Defendants, OrthoLogic respectfully requests that the Court dismiss the SAC with prejudice for failure to state a claim against OrthoLogic.

Dated: August 17, 2010

                                      Respectfully submitted,

                                      QUARLES & BRADY

                                      By: /s/ *Nicole M. Goodwin*

_____
Cristina D. Hernandez
(BBO # 630419)
411 E. Wisconsin Avenue
Milwaukee , WI 53202
414-277-5377
Fax: 414-978-8977
Email: chernand@quarles.com

Nicole M. Goodwin
(admitted *pro hac vice*)
One Renaissance Square
Two North Central Avenue
Phoenix , AZ 85004-2391
602-229-5753
Email: nicole.goodwin@quarles.com

Attorneys for Defendant OrthoLogic Corp.

7

## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on August 17, 2010.

| | |
|---|---|
| Dated: August 17, 2010 | By: /s/ *Nicole M. Goodwin* |
| | Nicole M. Goodwin. |

QB\11072561.1