# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNITED STATES OF AMERICA
ex rel. JEFFREY J. BIERMAN,

        Plaintiff,

        v.                      CIVIL ACTION NO.:
                                  05-10557-EFH

ORTHOFIX INTERNATIONAL, N.V., ET AL.,

        Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNITED STATES OF AMERICA
ex rel. MARCUS LAUGHLIN,

        Plaintiff,

        v.                      (Formerly CIVIL ACTION
                                  NO.: 08-11336-JLT)

ORTHOFIX INTERNATIONAL, N.V., ET AL.,

        Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

May 4, 2011

HARRINGTON, S.D.J.

      On November 4, 2010, this Court dismissed all claims brought by Plaintiff Marcus

Laughlin against Orthofix Inc. for failure to serve. United States ex rel. v. Orthofix Int'l N.V.,

748 F.Supp.2d 117, 123 (D.Mass.2010). With the exception of a single claim for wrongful termination, the Court additionally dismissed all claims against Defendant Orthofix International N.V. for failure to plead fraud with particularity and denied Laughlin's motion to amend. Id. at 122-23. Defendant Orthofix International N.V. now seeks final judgment on the pleadings[1] with respect to the sole remaining claim for wrongful termination under 31 U.S.C. § 3730(h). Defendant contends that it was not Laughlin's employer and, therefore, cannot be held liable under § 3730(h).[2]

Laughlin's complaint states that Orthofix Inc. is a wholly-owned subsidiary of Defendant Orthofix International N.V. The complaint refers to Orthofix Inc. and Orthofix International N.V. collectively as "Orthofix" and states that "Laughlin's employment with Orthofix started on August 8, 2005 as Director of National Accounts." In its answer, Defendant attaches and references an offer for employment addressed to Laughlin for a position with Orthofix Inc. as a Director of National Accounts. Defendant contends that Laughlin was hired by Orthofix Inc., but was not hired by Orthofix International N.V. Laughlin, in his opposition brief, does not explicitly dispute

---

[1] Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed.R.Civ.P.12(c). The Court may, in the alternative, consider matters outside the pleadings under Rule 12(d) of the Federal Rules of Civil procedure by treating a motion for judgment on the pleadings as one for summary judgment. Fed.R.Civ.P.12(d).

[2] The FCA was amended recently to extend protection from retaliation to any "employee, contractor, or agent." Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, § 4(d), 123 Stat. 1617, 1624-25 (amending 31 U.S.C. § 3730(h)). Apart from a few exception inapplicable to Laughlin's retaliation claim, the amendments apply explicitly to conduct occurring on or after the date of their enactment, which was May 20, 2009. Id. § 4(f), 123 Stat. at 1625. Laughlin's termination occurred in January of 2006, before the amendments took effect. Laughlin does not contend that either the amended statute applies or that he was an agent or contractor of Orthofix International N.V.

2

Defendant's contention. Laughlin instead asserts that Defendant Orthofix International N.V. is essentially the same corporate entity as Orthofix Inc. and that the corporate form should be disregarded for the purposes of his claim.

A plaintiff must plead facts supporting a "piercing the corporate veil" theory. <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 538 F.Supp.2d 367, 391 (D.Mass.2008). Laughlin's complaint, however, does not contain allegations supporting such a theory. <u>United States ex rel. Kneepkins v. Gambro Healthcare, Inc.</u>, 115 F.Supp.2d 35, 39 (D.Mass.2000) ("Ownership-even total ownership-of a corporation does not by itself impart the corporation's liabilities to the owner, and that rule is not abated simply because the owner happens to be another corporation."). The Court allows Laughlin to file an amended complaint with respect to the wrongful termination claim against Defendant Orthofix International N.V. solely to add detail supporting a veil-piercing theory. Laughlin has fourteen (14) days from the date of this order to file the amended complaint. Upon the filing, Defendant's Motion for Judgment on the Pleadings will be rendered moot.

Defendant Orthofix International N.V.'s Motion for Judgment on the Pleadings (Docket No. 175) is hereby DENIED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge